# DEAN *v.* DAVIS, TRUSTEE IN BANKRUPTCY OF JONES, ET AL.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 70.    Argued November 6, 7, 1916.—Decided January 8, 1917.

A transfer of property by an insolvent, made to secure a contemporaneous loan of money which the lender advances, and the insolvent obtains and uses, for the discharge of a preëxisting debt of the insolvent to a third party, in which the lender has no interest, is not a preference of the lender within § 60b of the Bankruptcy Act, as amended February 5, 1903, 32 Stat. 797, 800.

A transfer, the intent or obviously necessary effect of which is to deprive creditors of the benefits sought to be secured by the Bankruptcy Act, "hinders, delays, or defrauds creditors" within the meaning of § 67e.

An insolvent borrowed money of a relative and secured it by a contemporaneous mortgage of all his property, which was recorded. The money was sought, advanced and used to satisfy one of his preexisting debts and thus enable him to escape a criminal prosecution. Mortgagee and insolvent both knew of the insolvency, and the circumstances were such that both must have anticipated the suspension of business and bankruptcy which followed the recording of the mortgage. *Held*, that these facts warranted the District Court and Circuit Court of Appeals in concluding that the insolvent intended to defraud his creditors within the meaning of § 67e and that the mortgagee was not a purchaser or lienor in good

faith (§§ 67c, 67d). *Van Iderstine* v. *National Discount Co.*, 227 U. S. 575, 582; *Coder* v. *Arts*, 213 U. S. 223, 244.

A decree avoiding a transfer as fraudulent will not be disturbed upon the ground that it exceeds the pleadings where the bill, though attacking the transfer mainly as an unlawful preference, contains enough with the answer to present the issue of fraud, where that issue was fully tried, and the question of variance is first raised in this court.

212 Fed. Rep. 88, affirmed.

THE case is stated in the opinion.

*Mr. Wyndham R. Meredith,* with whom *Mr. C. V. Meredith* was on the briefs, for appellant:

Appellees not having taken a cross appeal from the decision of the District Court that the mortgage was not a preference, that question was not before the Court of Appeals for decision and it was error to decide it. *Chittenden* v. *Brewster*, 2 Wall. 195; *Loudon* v. *Taxing District,* 104 U. S. 774; *Bolles* v. *Outing Co.*, 175 U. S. 268; *Mail Company* v. *Flanders*, 12 Wall. 134, 135; *Field* v. *Barber Asphalt Company*, 194 U. S. 621; *Pauly Jail Bldg. & Mfg. Co.* v. *Hemphill Co.*, 10 C. C. A. 600; *B. & L. Ass'n.* v. *Logan*, 14 C. C. A. 133–136; *Clark* v. *Killian*, 103 U. S. 766, 769; *United States* v. *Blackfeather*, 155 U. S. 180–186.

Mere knowledge by a lender that the money borrowed is to be applied by the insolvent to prefer a creditor does not make the security given invalid as a preference under § 60b of the Bankruptcy Act. *Coder* v. *Arts*, 213 U. S. 223; *Van Iderstine* v. *National Discount Co.*, 227 U. S. 575; *Githens* v. *Shiffler*, 112 Fed. Rep. 505, 507; *In re Hersey,* 171 Fed. Rep. 1001; *George* v. *Grant*, 28 Hun. (N. Y.), 69, affirmed in 97 N. Y. 270; *In re Baar*, 213 Fed. Rep. 629–630. Under that section the person preferred must be a creditor. Collier on Bankruptcy, 10th ed., p. 813; *Stewart* v. *Platt*, 101 U. S. 731; *George* v. *Grant, supra.* It does not apply when the security is given to carry out a definite

promise which procured the loan.   Loveland on Bank-
ruptcy, 4th ed., p. 952; *Sexton* v. *Kessler & Co.*, 172 Fed.
Rep. 535, 542–545; *Hauslet* v. *Harrison*, 105 U. S. 401;
*Goodnough M. & S. Co.* v. *Galloway*, 156 Fed. Rep. 504–
510; 171 Fed. Rep. 940–949; *In re Wolf*, 98 Fed. Rep. 84;
*Walker* v. *Brown*, 165 U. S. 654, 664–665; *Davis* v. *Turner*,
120 Fed. Rep. 605; *Tomlinson* v. *Bank*, 145 Fed. Rep. 824;
*Mills, Trustee*, v. *Virginia-Carolina Lumber Co.*, 164 Fed.
Rep. 168; *Douglas* v. *Vogeler*, 6 Fed. Rep. 53; *In re David-
son*, 109 Fed. Rep. 882.

The transfer was not fraudulent.   An intent to prefer is
not an intent to defraud.   It is not *per se* unlawful for an
insolvent to borrow money to use in making a preference,
and the lender, though aware of all the facts and even if
he act as the borrower's agent in making the payment,
*Crim* v. *Woodford*, 136 Fed. Rep. 34, commits no wrong in
lending, or in taking security.   Such transactions are not
voidable under § 67e unless accompanied by actual intent
to defraud, which must be clearly proved and was absent
in this case.   Institution of bankruptcy proceedings within
four months does not relate back and convert what was a
lawful transfer into a fraudulent conveyance.   *Coder* v.
*Arts, supra; Van Iderstine* v. *National Discount Co., supra;
Githens* v. *Shiffler, supra; In re Hersey, supra; Stewart* v.
*Dunham*, 115 U. S. 61; *Estes* v. *Gunter*, 122 U. S. 450;
*Smith* v. *Craft*, 123 U. S. 436; *Huntley* v. *Kingman*,
152 U. S. 527; *Southern White Lead Co.* v. *Haas*, 73
Iowa, 399;   Black on Bankruptcy, ed. 1914, § 459,
p. 1002.

In Virginia it has been repeatedly held that an honest
preference, even when operating to defeat the claims of
other creditors, is entirely lawful and no evidence of an
intent to hinder, delay or defraud creditors.   *Johnson* v.
*Lucas*, 103 Virginia, 36; *Johnson* v. *Witt Shoe Co.*, 103
Virginia, 611; *Alsop* v. *Catlett*, 92 Virginia, 364; *Harvey* v.
*Anderson*, 2 Va. Dec. 385; *Williams* v. *Lord*, 75 Virginia,

390; *Lucas* v. *Clafflin,* 76 Virginia, 269; *Alexander Sav. Inst.* v. *Thomas,* 29 Gratt. 483, 490; *Skipwith* v. *Cunningham,* 8 Leigh, 271.

The Virginia statute relating to fraudulent conveyances is copied from 13th Elizabeth, from which the words "hinder, delay and defraud creditors," were adopted by Congress in the Bankruptcy Act. They mean the same in that act as in the English statute.

Transfers made in good faith to secure present loans protected by state statute are protected by § 67d. Collier on Bankruptcy, 9th ed., p. 950, and cases cited. The transaction in question is also unobjectionable because shown not to have diminished the value of the estate. See Collier on Bankruptcy, 10th ed., p. 803; Remington on Bankruptcy, §§ 1278, 1295, 1320; *Cook* v. *Tullis,* 18 Wall. 332; *Stewart* v. *Platt,* 101 U. S. 818; *Jaquith* v. *Alden,* 189 U. S. 78.

The charge that the bankrupt preferred the bank to avoid criminal prosecution, even if true, is immaterial, the debt paid being valid. *Peters* v. *Bain,* 133 U. S. 67; *Ex parte Stubbins,* 17 Ch. Div. (L. R. 1881), 670; *Ex parte Caldecott,* 4 Ch. Div. (L. R. 1876), 155; *Githins* v. *Shiffler,* 112 Fed. Rep. 505; *Tiffany* v. *Boatman's Institute,* 18 Wall. 388.

*Mr. Bartlett Roper* and *Mr. Richard B. Davis* for appellees, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Bankruptcy Act, as amended February 5, 1903, provides in § 60b that if a debtor has within four months before the filing of the petition in bankruptcy made a transfer which the person receiving the same has reason to believe was intended to give a preference, the transfer

shall be voidable, and the trustee in bankruptcy may re-
cover the property or its value. The act also provides in
§ 67e (30 Stat. 564) that if a debtor within four months
before the filing of the petition in bankruptcy makes any
transfer "with the intent and purpose on his part to
hinder, delay, or defraud his creditors, or any of them," it
shall be null and void except as to purchasers in good faith
and for a present fair consideration; and that it shall be
the duty of the trustee to recover the same.

R. Crawley Jones was a farmer and owner of a country
store. A bank having discounted his notes bearing en-
dorsements which it later concluded had been forged,
demanded that Jones take up the notes. Fearing arrest
he appealed through his father to his brother-in-law,
Dean, for a loan of $1,600, promising to secure it by a
mortgage of all his property, which he represented was
worth more than five times that amount. Dean provided
the money, and on September 3, 1909, acting in conjunc-
tion with Jones' father, "took up" the notes. Most of
them were not yet due. A mortgage deed of trust dated
September 3 was executed September 10, and recorded
September 11. It covered practically all of Jones' prop-
erty, including the stock in trade and accounts, store
furnishings and fixtures, household furniture and goods,
live stock, crops standing and cut and the farm itself, the
last subject to a prior deed of trust. Four mortgage notes
were given, payable respectively in seven, thirty, sixty and
ninety days; with a proviso that upon default on any one
all should become payable. The first note—and hence
all—were overdue when the mortgage was recorded. On
that day Dean directed that possession of the property be
taken, which was done on September 13 (the twelfth being
Sunday). Jones was at the time deeply insolvent and had
many unsecured creditors. Some of these immediately
challenged the validity of the mortgage. Within a few
days an involuntary petition in bankruptcy was filed and

Jones was adjudicated a bankrupt. The mortgaged property was converted into cash under an agreement with general creditors that it should be deposited to await the ultimate determination of the rights of the parties. It yielded only $1,634—leaving nothing for the general creditors, if the mortgage is held valid.

Davis, the trustee in bankruptcy, brought a bill in equity to set aside the mortgage. The District Court granted the relief prayed for; and its decree was affirmed by the Circuit Court of Appeals. Both courts found the facts to be in substance as above stated and held the mortgage void under § 67e as having been made by Jones "with the intent and purpose on his part to hinder, delay, or defraud his creditors" to one not a "purchaser in good faith" within the meaning of the act. The Circuit Court of Appeals held the mortgage void also as a preference under § 60b. 212 Fed. Rep. 88. The case comes to this court upon appeal; Dean contending that the mortgage is not invalid under either § 60b or § 67e.

The mortgage was not voidable as a preference under § 60b. Preference implies paying or securing a pre-existing debt of the person preferred. The mortgage was given to secure Dean for a substantially contemporary advance. The bank, not Dean, was preferred. The use of Dean's money to accomplish this purpose could not convert the transaction into a preferring of Dean, although he knew of the debtor's insolvency. Mere circuity of arrangement will not save a transfer which effects a preference from being invalid as such. *National Bank of Newport* v. *National Herkimer County Bank*, 225 U. S. 178, 184. But a transfer to a third person is invalid under this section as a preference, only where that person was acting on behalf of the creditor, as in *In re Beerman*, 112 Fed. Rep. 663, and *Walters* v. *Zimmerman*, 208 Fed. Rep. 62; 220 Fed. Rep. 805. Here Dean acted on the debtor's behalf in providing the money and taking up the notes.

But under § 67e the basis of invalidity is much broader. It covers every transfer made by the bankrupt "within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them" "except as to purchasers in good faith and for a present fair consideration." As provided in § 67d, only "liens given or accepted in good faith and not in contemplation of or in fraud upon this Act" are unassailable. A transfer, the intent (or obviously necessary effect) of which is to deprive creditors of the benefits sought to be secured by the Bankruptcy Act "hinders, delays or defrauds creditors" within the meaning of § 67e. *Van Iderstine v. National Discount Co.,* 227 U. S. 575, 582, points out the distinction between the intent to prefer and the intent to defraud. A transaction may be invalid both as a preference and as a fraudulent transfer. It may be invalid only as a preference or only as a fraudulent transfer. Making a mortgage to secure an advance with which the insolvent debtor intends to pay a preëxisting debt does not necessarily imply an intent to hinder, delay or defraud creditors. The mortgage may be made in the expectation that thereby the debtor will extricate himself from a particular difficulty and be enabled to promote the interest of all other creditors by continuing his business. The lender who makes an advance for that purpose with full knowledge of the facts may be acting in perfect "good faith." But where the advance is made to enable the debtor to make a preferential payment with bankruptcy in contemplation, the transaction presents an element upon which fraud may be predicated. The fact that the money advanced is actually used to pay a debt does not necessarily establish good faith. It is a question of fact in each case what the intent was with which the loan was sought and made.

We cannot say that the facts found by the District Court and affirmed by the Circuit Court of Appeals were

not supported by the evidence, nor that these courts erred in concluding upon this evidence that the mortgage was made with the purpose and intent to hinder, delay or defraud Jones' creditors and that Dean was not as against general creditors "a purchaser in good faith." Jones knew that he was insolvent. He knew that he was making a preferential payment. He must have known that suspension of his business and bankruptcy would result from giving and recording a mortgage of all his property to secure a note which had matured before the mortgage was executed. The lower courts were justified in concluding that he intended the necessary consequences of his act; that he willingly sacrificed his property and his other creditors to avert a threatened criminal prosecution; and that Dean, who, knowing the facts, coöperated in the bankrupt's fraudulent purpose, lacked the saving good faith.

The conclusion reached by the lower courts is supported by many decisions of the several District Courts and Circuit Courts of Appeals, which are referred to in the margin.[1] It is in harmony with both the *Van Iderstine*

---

[1] Cases holding that a mortgage is a fraudulent conveyance where taken as security for a loan which the lender knows is to be used to prefer favored creditors in fraud of the act: *Parker* v. *Sherman,* 212 Fed. Rep. 917 (C. C. A. 2d Circuit); *In re Soforenko,* 210 Fed. Rep. 562 (D. C. Mass.); *Johnson* v. *Dismukes,* 204 Fed. Rep. 382 (C. C. A. 5th Circuit); *Lumpkin* v. *Foley,* 204 Fed. Rep. 372 (C. C. A. 5th Circuit); *In re Lynden Mercantile Co.,* 156 Fed. Rep. 713 (D. C. Wash.); *Roberts* v. *Johnson,* 151 Fed. Rep. 567 (C. C. A. 4th Circuit); *In re Pease,* 129 Fed. Rep. 446 (D. C. Mich.). See also *Walters* v. *Zimmerman,* s. c. on appeal, 208 Fed. Rep. 62 (D. C. Ohio), 220 Fed. Rep. 805 (C. C. A. 6th Circuit).

Cases upholding the mortgage security because the lender did not know that the insolvent borrower intended to make improper payments to favored creditors—thus indicating that the mortgage would be fraudulent if such additional fact were shown: *Grinstead* v. *Union Savings & Trust Co.,* 190 Fed. Rep. 546 (C. C. A. 9th Circuit); *Powell* v.

*Case*, and *Coder* v. *Arts*, 213 U. S. 223, 244, upon which appellant particularly relies. In each of these cases this court refused to hold fraudulent in law a transfer which the Circuit Court of Appeals had found to be innocent in fact. In the *Van Iderstine Case*, where a pledge was held valid, the Circuit Court of Appeals had expressly found that the pledgee was without knowledge of the debtor's fraudulent intent, if such there was. In *Coder* v. *Arts*, where a mortgage was held valid, the Circuit Court of Appeals had found that in making the mortgage the debtor had no intent to hinder, delay or defraud creditors, and this court said that "in view of the finding of the Circuit Court of Appeals, it may be that [he], though including in the conveyance a large amount of his property, acted in good faith, with a view to preserving his estate and enabling him to meet his indebtedness." This court while declaring itself bound by the facts so.found, was careful to express its dissent from the view "that the giving of the mortgage and its effect upon other creditors could not be

---

*Gate City Bank,* 178 Fed. Rep. 609 (C. C. A. 8th Circuit); *In re Kullberg,* 176 Fed. Rep. 585 (D. C. Minn.); *Ohio Valley Bank. Co.* v. *Mack,* 163 Fed. Rep. 155 (C. C. A. 6th Circuit); *Stedman* v. *Bank of Monroe,* 117 Fed. Rep. 237 (C. C. A. 8th Circuit); *In re Soudan Mfg. Co.,* 113 Fed. Rep. 804 (C. C. A. 7th Circuit).

In accord with this view are also the decisions which hold that a general assignment for the benefit of creditors, though without preferences, is void under § 67e because its necessary effect is to hinder, delay or defraud creditors in their rights and remedies under the Bankruptcy Act. *In re Gutwillig,* 90 Fed. Rep. 475; 92 Fed. Rep. 337; *Davis* v. *Bohle,* 92 Fed. Rep. 325; *Rumsey & Sikemier Co.* v. *Novelty & Machine Mfg. Co.,* 99 Fed. Rep. 699. See *Randolph* v. *Scruggs,* 190 U. S. 533, 536; *West Co.* v. *Lea,* 174 U. S. 590, 596.

It is difficult to reconcile the following cases or dicta in them with the great weight of authority and the decisions of this court. *In re Baar,* 213 Fed. Rep. 628 (C. C. A. 2nd Circuit); *In re Hersey,* 171 Fed. Rep. 1004 (D. C. Iowa); *Sargent* v. *Blake,* 160 Fed. Rep. 57 (C. C. A. 8th Circuit); *In re Bloch,* 142 Fed. Rep. 674 (C. C. A. 2nd Circuit); *Githens* v. *Shiffler,* 112 Fed. Rep. 505 (D. C. Pa.).

considered as an item of evidence in determining the question of fraud."

Dean contends also that relief should not have been granted under § 67e because the bill was framed under § 60b. The objection was not taken in the District Court, although the question of invalidity under § 67e was elaborately discussed on demurrer to the bill as well as upon final hearing. Twenty-five other errors were assigned on the appeal to the Circuit Court of Appeals. This objection was not raised then. It was insisted only that the evidence did not warrant the finding of fraudulent intent. Section 60b seems to have been mainly in the mind of the pleader when the bill of complaint was drafted, but not exclusively, for it alleges that the plaintiff as trustee was entitled "to recover property transferred by said bankrupt in fraud of his creditors." The answer expressly alleges that the mortgage was accepted "without any intent or purpose of aiding said Jones to defraud, delay or hinder his creditors, and not in contemplation of or in fraud of the bankrupt act, or any of its provisions, believing him to be solvent and that he would continue his business." The issue of fraudulent transfer was presented by the pleadings, was fully tried and was found against the appellant. No error was committed.

*Decree affirmed.*