DWELLING BUILDING & LOAN ASS'N et al. v. MacHENRY.

(Circuit Court of Appeals, Third Circuit. March 12, 1920.)

No. 2507.

BANKRUPTCY ⬡303(3)—EVIDENCE HELD TO SHOW MORTGAGE FRAUDULENT.

    In suit by bankruptcy trustee, evidence *held* to show mortgage by bankrupt was partially invalid as fraudulent as to creditors under Bankruptcy Act, § 67e (Comp. St. § 9651).

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

    Suit by Winfield S. MacHenry, trustee in bankruptcy, against the Dwelling Building & Loan Association and another. From a decree for plaintiff, defendants appeal. Affirmed.

Joseph Gilfillan, of Philadelphia, Pa., for appellants.
Owen J. Roberts, of Philadelphia, Pa., for appellee.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case it appears that among the liabilities of the Bakers' Baking Company, a bankrupt corporation, whose assets were being administered by the United States District Court for the Eastern District of Pennsylvania, was a mortgage for some $30,000 given to the Dwelling Building and Loan Association. The trustee in bankruptcy, alleging that the said mortgage was invalid and averring that said Bakers' Baking Company, the bankrupt, was a corporate citizen of Delaware and the said Dwelling Building & Loan Association was a corporate citizen of Pennsylvania, filed this bill in the federal court praying that said mortgage be decreed, first, fraudulent and null and void as against the bankrupt corporation, and, second, an undue preference given within four months of bankruptcy. On final hearing, the court held that at the time the mortgage was given, the bankrupt company was insolvent and that John J. Coyle, the beneficiary for whom the mortgage was given, had, as provided in section 60b (Comp. St. § 9644), "reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference." But, as he was not a party to the suit, and relief, under section 60b, would involve a decree for the recovery of the property or its value from one not a party to the record, the court went farther and found that the mortgage was given as provided in section 67e (Comp. St. § 9651), "within four months prior to the filing of the petition, with intent and purpose on his part, to hinder, delay, or defraud his creditors." The court also found that there was paid to the bankrupt company by the mortgagee $8,350.09, at the time the mortgage was given, which, in addition to the preference, made up the $30,000 for which the mortgage was given, and as this sum of $8,350.09 had gone into the treasury of the bankrupt company and was presumably available for the payment of its creditors, that as to that sum, the mortgage was valid; as to the residue, it was invalid. Assigning as error this latter part of the decree, the Dwelling Building & Loan Association took this appeal.

From the above, it will be seen that no principle of law is involved in this case, but the sole question is one of fact. It would serve no practical purpose for us to here restate the complicated facts in this case. They have been thoroughly discussed in the court's opinion. Of them the court says:

"Despite the circuitous, or more properly labyrinthian, arrangement by which the security of the mortgage was substituted for the notes originally held by Mr. Coyle, it is impossible to reach any other conclusion than that the present situation, in which Mr. Coyle is the beneficial owner of the mortgage to the extent of $20,000, is the result *of a cleverly conceived plan to create a preference in his favor.* * * *

"The evidence establishes that the baking company was at the time of the *creation of the mortgage insolvent,* and that the person receiving the beneficial interest in the preference, Mr. Coyle, had at the time *reasonable cause to believe that the enforcement of the transfer would effect a preference.* * * *

"In the present case, except as to the actual sums of money paid by the building and loan association, amounting to $8,350.09, the obvious effect of the acts of the Bakers' Baking Company in mortgaging its property was to so incumber it that the antecedent indebtedness represented by Mr. Coyle's notes would be secured by mortgage, and thereby the other creditors of the Bakers' Baking Company would be deprived of the opportunity afforded by the Bankruptcy Act to share equally in the company's assets. *This was the actual clear intent and purpose of the creating of the mortgage.*"

We have fully examined, and we agree with, the findings and conclusions of the court below. Such being the facts, there can be no escape from the conclusion that the court rightly applied the law (Dean v. Davis, 242 U. S. 438, 37 Sup. Ct. 130, 61 L. Ed. 419) to those facts and entered the decree it did.

That decree will therefore be affirmed.