**MENTE & CO., Inc., et al. v. OLD RIVER CO.**

(Circuit Court of Appeals, Fifth Circuit. February 11, 1927. Rehearing Denied March 11, 1927.)

No. 4460.

1. **Bankruptcy** ⊜⇒57—**Mortgagor's conveying of mortgaged property to mortgagee for less than fair value constitutes act of bankruptcy; "hinder and delay creditors" (Bankruptcy Act, § 3 [Comp. St. § 9587]).**

If mortgaged property is conveyed to mortgagee for less than fair value, legal effect of sale is to hinder and delay creditors, notwithstanding innocent motive, and constitutes an act of bankruptcy under Bankruptcy Act, § 3 (Comp. St. § 9587).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hinder and Delay.]

2. **Bankruptcy** ⊜⇒57—**If mortgaged property conveyed to mortgagee is not worth more than mortgage debt, conveyance is not act of bankruptcy (Bankruptcy Act, § 3 [Comp. St. § 9587]).**

If mortgaged property conveyed by alleged bankrupt to mortgagee was not worth substantially more than mortgage debt, deed is valid, and not subject to be attacked by unsecured creditors, as constituting act of bankruptcy, within Bankruptcy Act, § 3 (Comp. St. § 9587).

3. **Bankruptcy** ⊜⇒57—**That bankrupt's mortgaged property would have been subject to foreclosure sale, if not conveyed to mortgagee, must be considered in determining its fair value as respects question of act of bankruptcy (Bankruptcy Act, § 3 [Comp. St. § 9587]).**

In determining fair value of mortgaged property conveyed by mortgagor to mortgagee at time mortgagor was in default, relative to whether sale constituted an act of bankruptcy, within Bankruptcy Act, § 3 (Comp. St. § 9587), value must be determined in light of circumstances that, if conveyance had not been made, property would have been subject to foreclosure sale.

4. **Bankruptcy** ⊜⇒57—**Sale by mortgagor to mortgagee is not act of bankruptcy, because practically all mortgagor's property was included therein.**

Sale of property by mortgagor to mortgagee is not subject to be set aside as constituting act of bankruptcy, on ground that practically all mortgagor's property was included therein, especially as there was not any more than was covered by mortgage.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Involuntary petition in bankruptcy by Mente & Co., Inc., and others, against the Old River Company. Decree dismissing the petition (3 F.[2d] 38), and petitioners appeal. Affirmed.

Rodman S. Cosby, of Houston, Tex., and Irving R. Saal, of New Orleans, La. (Baker, Botts, Parker & Garwood, of Houston, Tex., Milling, Godchaux, Saal & Milling, of New Orleans, La., and Cole, Cole & O'Connor, of Houston, Tex., on the brief), for appellants.

Ned B. Morris, of Houston, Tex. (Morris, Sewell & Morris, of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree refusing to adjudge that a conveyance of mortgaged property by the mortgagor to the mortgagee was made with intent to hinder, delay, or defraud unsecured creditors, and therefore constituted an act

of bankruptcy, under section 3 of the Bankruptcy Act (Comp. St. § 9587).

Appellants, the petitioning creditors, had claims aggregating about $26,000, but the total of all the unsecured claims amounted to over $100,000. The Old River Company, appellee, against which the petition was filed, was formerly the owner of a rice plantation, consisting of 13,600 acres of land, together with canals, ditches, reservoirs, pumping plants, and other machinery incident to irrigation. It operated the plantation at a loss of $260,000 in 1920, of $96,000 in 1921, and of $84,000 in 1922. In January, 1922, it obtained from the Kirby Petroleum Company a loan of $300,000, evidenced by serial bonds bearing 8 per cent. interest. It defaulted on the first series of bonds of $30,-000, and on the interest on the entire loan, payable in January, 1923, and in November, 1923, the Kirby Petroleum Company demanded payment of the debt in full as it had a right to do under an acceleration clause of the mortgage. In December, 1923, the Old River Company, pursuant to authority granted at a meeting of its stockholders, conveyed the plantation and equipment, which at that time constituted practically all the property it owned, to the Kirby Petroleum Company in satisfaction of the mortgage indebtedness, and the deed was promptly recorded. The conveyance was not secretly made. It was opposed by a minority of the stockholders, and that it was about to be made was known to several of the unsecured creditors. The Old River Company had been unsuccessful in efforts to sell for a better price.

[1-4] No attack is made on the validity of the mortgage, and it is practically conceded that the deed was executed in good faith, with no other purpose in view than that of obviating the necessity of foreclosure proceedings. The contention of appellants is that the plantation was sold for less than its fair value. If that be true, the necessary legal effect of the sale, notwithstanding an innocent motive, was that the unsecured creditors were hindered, delayed, or defrauded, within the meaning of the Bankruptcy Act (Comp. St. §§ 9585-9656). Dean v. Davis, 242 U. S. 438, 37 S. Ct. 130, 61 L. Ed. 419. But, if the property was not worth substantially more than the mortgage debt, the deed was valid, and was not subject to be attacked by creditors. On the question of value there was much conflict of opinion in the testimony. The District Judge reached the conclusion that the property was not worth more than $340,000, and the evidence fails to convince us that this estimate was too low.

The fair value is to be determined in the light of the circumstance that, if the conveyance in question had not been made, the property would have been subjected to a foreclosure sale. What would have been accepted for it by an owner who was not obliged to sell is not the test, because all that the secured creditors would have been entitled to receive was the amount remaining after the secured creditor had been paid at a forced sale. If conditions were such as not to make it reasonable to expect that the market value would be realized, then the petitioning creditors suffered no injury. The mortgage indebtedness at the time of the transfer was $362,600; that is, it was greater than the value placed on the property by the District Judge. The fact that the owner was unable to sell for as much as the mortgage debt tends strongly to dispel the view that the plantation would have brought more at a foreclosure sale. If the unsecured creditors really believed it was worth more than was received for it, they had the opportunity to pay off the mortgage and take it. The sale is not subject to be set aside on the ground that practically all of appellee's property was included in it, especially as there was not any more than was covered by the mortgage. Fletcher's Cyclopedia on Corporations, § 1207.

The decree is affirmed.