## In re ROBIN BROS. BAKERIES, Inc.

### No. 65359.

District Court, N. D. Illinois, E. D.

Dec. 22, 1937.

Maurcy M. Ball, of Chicago, Ill., for debtor.

A. N. Lustig and Rothbart & Rosenfield, all of Chicago, Ill., for National Finance Co. and H. S. Adler.

Daniel A. Uretz, of Chicago, Ill., for Segal Bros.

Robert P. McArdle, of Chicago, Ill., for International Harvester Co.

George A. Vinik, of Chicago, Ill., for Abraham & Vinik.

Teller, Levit, Silvertrust & Levi, of Chicago, Ill., for Acco Finance Corporation.

Sabath, Perlman, Goodman & Rein, of Chicago, Ill., for L. Karp & Sons, Inc.

WILKERSON, District Judge.

The objections of the bankruptcy trustee and of a stockholder raise the question of the validity of a duly recorded chattel mortgage securing a note for $2,500 lent to the bankrupt on December 21, 1936. Default occurred on February 15, 1937. A reorganization petition filed under section 77B, Bankr.Act, as amended, 11 U.S.C.A. § 207 and note, on March 1, 1937, showed assets of $43,106.33, and liabilities of $30,624.27.

The referee sustained the objections and held the mortgage invalid. He found (1) that the mortgage was not authorized by the stockholders as required by section 72 of the Illinois Business Corporation Act, Ill. Rev.Stat.1937, c. 32, § 157.72; (2) that the claimant, at the time the mortgage was executed, knew that the bankrupt was insolvent and that the bankrupt was going to use the money to prefer certain creditors, and that the mortgage was therefore made with the purpose and intent of hindering, delaying, and defrauding creditors; (3) that the claimant was a party to the bankrupt's intent so that the mortgage is void under section 67e of the Bankruptcy Act, as amended, 11 U.S.C.A. § 107(e); and (4) that the trustee is a proper party to contest the validity of the mortgage under the Business Corporation Act.

In view of the conclusions which I have reached, it is unnecessary to discuss the question of who may object.

The first question to be considered is whether the mortgage is invalid for want of consents of stockholders.

In connection with statutory provisions like section 72 of the Illinois Business Corporation Act, the emphasis is usually upon substantial compliance with the spirit of the law. It has often been held that if formal authorization by two-thirds of the stockholders is lacking, the actual approval, however informal, by the necessary number of stockholders, is sufficient. United States Mortgage & Trust Company v. Chicago & A. R. Co., 7 Cir., 40 F.2d 386, 389; St. Louis Union Trust Co. v. Wabash, C. & W. R. Co., 244 Ill.App. 466, 472. This has especial application in the case of close corporations whose affairs are generally conducted by one or two men who are practically the corporation. In such case, reference may be made to the holdings that third parties dealing with corporations are generally not affected by the failure to observe formalities. See Fletcher, Corporations, § 1894, 1917 Ed.; Ashley Wire Co. v. Illinois Steel Company, 164 Ill. 149, 156, 45 N.E. 410, 56 Am.St.Rep. 187. In the case at bar, more than two-thirds of the stockholders assented to the mortgage since the two directors who voted in favor of the resolution owned 75 per cent. of the stock. In addition, there is some showing in the record that it was customary for this corporation to dispense with notices of directors' meetings (Rec. 25). I am, therefore, of the opinion that the objection to the resolution should be overruled.

The decision as to the validity of the mortgage under section 67e of the Bankruptcy Act must be made under the rule laid down in Dean v. Davis, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419. In that case it was said (242 U.S. 438, at page 444, 37 S.Ct. 130, 132):

"Making a mortgage to secure an advance with which the insolvent debtor intends to pay a pre-existing debt does not necessarily imply an intent to hinder, delay, or defraud creditors. The mortgage may be made in the expectation that thereby the debtor will extricate himself from a particular difficulty and be enabled to promote the interest of all other creditors by continuing his business. The lender who makes an advance for that purpose with full knowledge of the facts may be acting in perfect 'good faith.' * * * It is a question of fact in each case what the intent was with which the loan was sought and made."

It does not seem to me from the evidence that the loan here in question was made with bankruptcy in contemplation. On the contrary, the evidence indicates, in my opinion, that the loan was made because the bankrupt planned to embark upon a new activity in his business, namely, the making of pies, and wished to obtain capital and to make a new start free of its pressing obligations and possible litigation (Rec. 18). The bankruptcy trustee's first report recognized that the conduct of the bankrupt's president was induced by "a sincere desire to put the business on a pay-

ing basis, and if given sufficient time, to pay all creditors in full." As evidence of this sincerity, the trustee reported that during the first weeks immediately following the petition herein, Mr. Robin mortgaged his private automobile and raised more than $300 to pay the necessary running expenses of the debtor. This, in connection with Mr. Robin's own testimony (Rec. 18), indicated that although most of the money loaned was used to pay preexisting debts, such payments were made in expectation that thereby the debtor would extricate itself from its difficulty and be enabled to promote the interests of all the other creditors by establishing the prosperity of its business.

In my opinion, the evidence fails to show that the bankrupt was guilty of such intent as is required under the doctrine of Dean v. Davis, supra.

The order will therefore be that the referee's report be not approved and that the claim be allowed.