WELLFORD, Circuit Judge,
dissenting:
I would affirm District Judge Frank Wilson and the Bankruptcy Judge in this case. I agree with them that the credit transaction involved comes within the meaning of a “contemporaneous exchange” under 11 U.S.C. § 547(c)(1), and that Security Mutual *365 Finance Corporation’s perfecting of its lien and security interest, although delayed, was excepted from the preference provisions of § 547(b). Not only is it clear that the transaction in dispute was intended to be contemporaneous, but appellee Security Mutual acted diligently under the circumstances to protect its security position under the law.
Judge Wilson deemed it to be essentially, a question of fact as to whether a transaction extending beyond ten days is “substantially contemporaneous” under the law. The Bankruptcy Court decided the question in accordance with the clear intent of the parties. The result reached, in my view, was in accord with legislative purpose and with sound authority. See In re Martella, 22 B.R. 649 (D.Colo.1982); In re Burnette, 14 B.R. 795 (E.D.Tenn.1981); In re Swartz Clothiers, 15 B.R. 590 (E.D.Va.1981); In re Advance Glove Co., 25 B.R. 521 (E.D.Mich. 1982); 4 Collier on Bankruptcy, Sec. 547.-37[2] (15th ed. 1981); H.R.Rep. # 595, 95th Cong., 1st Sess. 373 (1977).[1]
I conclude that § 547(c)(1) of the applicable Bankruptcy Act preserves the principles set out in Dean v. Davis, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917), and National City Bank v. Hotchkiss, 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115 (1913). Whether a transaction is “substantially contemporaneous” contemplates factors other than a ten day limitation, it calls for consideration of the intention of the parties and other surrounding circumstances, including the equities of the particular case. I disagree with Judge Miles' conclusion that “Congress has clearly struck the balance in favor of repose in this area .... ” This area of the law is far from “clear,” and the better authority, including the decision of Judge Wilson herein, indicates precisely to the contrary.

. There was no "race to the courthouse” here to dismember the debtor.