In re AUTO–TRAIN CORPORATION, a/k/a Railway Services Corporation, Debtor.

Murray DRABKIN, Trustee of Auto-Train Corporation, a/k/a Railway Services Corporation, Plaintiff,

v.

FINALCO, INCORPORATED, Defendant Third-Party Plaintiff,

v.

DISTRICT OF COLUMBIA, DEPARTMENT OF FINANCE AND REVENUE, Third-Party Defendant.

Bankruptcy No. 80–00391.
Adv. No. 82–0223.

United States Bankruptcy Court, District of Columbia.

Aug. 22, 1985.

See also, Bkrtcy., 57 B.R. 566.

---

Marcia Docter, Docter, Docter & Salus, Washington, D.C., for trustee.

Roy Tesler, Washington, D.C., for Finalco, Inc.

Frank J. McDougald, Jr., Washington, D.C., for District of Columbia.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

This adversary proceeding arose as a result of a transfer from Auto-Train Corporation (the "Debtor") to Finalco Incorporated ("Finalco"). The Debtor transferred a total of $8,493.69 to Finalco by two checks, both dated July 25, 1980, in payment for nine months of taxes, insurance and late charges due under a lease agreement between it and Finalco. On September 8, 1980, the Debtor filed for Chapter 11 relief under Title 11, United States Code ("Bankruptcy Code"). The Trustee brings this motion for summary judgment claiming that the payment at issue is a voidable preference pursuant to section 547 of the Bankruptcy Code. Finalco both opposes the Trustee's motion for summary judgment and, in the alternative, moves for summary judgment as a third-party plaintiff against the District of Columbia Department of Finance and Revenue, a third-

party defendant, to whom Finalco transferred the money it received from the Debtor. The Court finds that summary judgment for the Debtor and against Finalco in the amount of $8,493.69 is warranted under section 547, but that summary judgment in favor of Finalco and against the District of Columbia is inappropriate, for the following reasons.

In order to fall within the meaning of section 547, the transfer must be made "to or for the benefit of a creditor." 11 U.S.C. § 547(b)(1). A "creditor" is generally defined in the Bankruptcy Code as one with a "claim" against the Debtor. *See* 11 U.S.C. § 101(9)(A). A "claim", in turn, includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured ..." 11 U.S.C. § 101(4)(A). Although Finalco asserts that the District of Columbia is the true creditor of the Debtor, such an argument is without merit. Under District of Columbia law, Finalco, as a vendor, is obliged to pay a tax of 6% of what it charges its vendees, for the privilege of leasing in the District. *See* § 47–2002, D.C.Code. The vendee, in turn, must reimburse the vendor for the tax paid by the vendor, whereby "such reimbursement of tax shall be *a debt from the purchaser to the vendor* and shall be recoverable at law in the same manner as other debts." § 47–2003, D.C.Code. Finalco, the vendor, was paid the $8,493.69 under the lease agreement between it and the Debtor, the vendee-purchaser, pursuant to the District of Columbia law. The contractual obligation and debt, therefore, ran from the Debtor to Finalco, and not from the Debtor to the District of Columbia. The Court is satisfied that Finalco is a creditor within the meaning of section 101(9)(A), and that the transfer was to it *qua* creditor of the Debtor, thus bringing the transaction within section 547(b)(1) of the Bankruptcy Code.

Finalco also argues that the transfer at issue is not voidable because it falls within the exceptions stated in sections 547(c)(1) and 547(c)(2). However, neither of the provisions is applicable to the present facts. Section 547(c)(1) provides that the Trustee may not avoid a transfer which is intended as a "contemporaneous exchange for new value," and which is "in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1). The crucial inquiry under section 547(c)(1) is whether the parties intended the exchange to be contemporaneous from the outset. Collier on Bankruptcy, ¶ 547.38. The payment of $8,493.69 was for services rendered during the previous nine months, and was made from 30 to 288 days after payment was due as indicated on the monthly invoices. The Court is not persuaded that the parties had any intention that the payment was a contemporaneous exchange for new value, in view of the lease agreement which provided for monthly payments and the issuance of nine separate monthly invoices by Finalco for the nine months at issue. Furthermore, the Court is not convinced that the exchange was *in fact* contemporaneous. The payment at issue was for nine separate months of prior or *pre-existing debt*, as evidenced by the monthly invoices. This is precisely the type of situation in which section 547 was intended to be used in protection of the debtor's estate. *See generally, Dean v. Davis,* 242 U.S. 438 at 443, 37 S.Ct. 130, 131, 61 L.Ed. 419 (1917) ("preference implies paying or securing a pre-existing debt of the person preferred"). Consequently, Finalco has not upheld its burden of persuasion in respect to section 547(c)(1).

Finalco next argues that the transfer falls within the language of section 547(c)(2), which disallows the avoidance of a transfer made in the ordinary course of business, in accord with ordinary business terms, for the payment of a debt incurred within the preceding 45 days. 11 U.S.C. § 547(c)(2). Finalco has the burden, in asserting this affirmative defense, to establish a material issue in respect to all four elements of section 547(c)(2). The Court is not persuaded that Finalco has raised a

material issue with respect to three of the four elements. First, the transfer was not made within 45 days after the debt was incurred. This is certainly true for the first eight months of debt.[1] Second, the payment was not in the ordinary course of business dealings between the parties, nor according to ordinary business terms. The lease agreement of January 24, 1979, between Finalco and the Debtor, provides for monthly payments from the lessee to the lessor. Additionally, the Debtor was in fact invoiced monthly for insurance and taxes. Thus, the payment of nine months of debt in a lump sum was unquestionably not in the ordinary course of business dealings between the parties both in terms of original contractual intent and in terms of subsequent action under the contract. Nor was the lump sum payment in accord with ordinary business terms.[2] Consequently, Finalco has failed to uphold its burden of persuasion under section 547(c)(2).

For all these reasons, and in the absence of other issues in dispute, the Court will grant the Debtor's motion for summary judgment against Finalco and will void the transfer at issue as preferential pursuant to section 547.

■ However, the Court does believe that material issues exist in respect to Finalco's motion for summary judgment against the District of Columbia. Under District of Columbia law, "a tax is imposed *upon all vendors* for the privilege of selling at retail certain tangible personal property and for the privilege of selling certain selected services ... The rate of such tax shall be 6% of the gross receipts from the sales of *or charges for* such tangible personal property and services ..." § 47–2002, D.C.Code. One can argue that this language does not state that vendors need not pay the tax when the vendee does not pay. Rather, the vendor is expressly held liable to the District of Columbia for 6% of what it *charges* the vendee, regardless of the vendee's payments to the vendor. In further support of this argument one can cite § 47–2003, which states that "reimbursement for the tax imposed upon the vendor shall be collected by vendor *from the purchaser* on all sales ... subject to the tax. It shall be the duty of each purchaser in the District to reimburse the vendor ... for the tax ... *Such reimburse-*

1. Although the Court is completely convinced that the first eight months of debt were paid more than 45 days after the debt was incurred, a material issue may exist as to whether the last month of debt was incurred in the 45 days prior to payment. If the Court's resolution of Finalco's section 547(c)(2) claim were dependent on this matter, *i.e.*, if Finalco had upheld its burden of proof with regard to all other elements of section 547(c)(2), then the Court would be obliged to deny the Debtor's request for summary judgment for the debt incurred as to the ninth month. However, Finalco's failure to uphold its burden of persuasion in regard to two other elements of section 547(c)(2) renders the issue of the ninth month of debt moot.

2. Both the lease and invoices called for monthly payment. Thus, as between these two parties monthly payment was the written expectation. As to actual dealings, this expectation was for the most part met. Although the Debtor was somewhat in arrears for April, May and June 1979, current monthly payments plus one extra payment during July, August and October brought the account current as of October 31, 1979. Trustee's Motion for Summary Judgment (filed January 30, 1985) and Affidavit of Mark G. Schwartz, Vice President for Finance of Auto-Train Corporation. This means that in actual course of dealings monthly payment was, if not strictly followed, at least the norm. And in no way was any precedent set for a lump sum payment for nine months such as is at issue here. The Court is further persuaded by Schwartz's testimony that the purpose of making the payment in two checks was to minimize the chance of bouncing the entire payment. Affidavit of Mark G. Schwartz, Vice-President for Finance of Auto-Train Corporation. Considering that these checks were written so close to filing for bankruptcy, it makes sense that the Debtor felt that smaller checks would have a better chance of clearing than one large check. And what this shows is conduct which was not only unusual for the parties, but clearly not normal or ordinary in business generally within the meaning of section 547(c)(2). It is a difficult and unconvincing argument by Finalco which would have the Court believe that the payment of a nine-month debt by two consecutive checks, drawn on the same account and on the same day, is usual and according to ordinary business terms of either these specific parties or the business world in general. Nor has Finalco presented facts which would support this argument.

ment of tax shall be a debt from the purchaser to the vendor* and shall be recoverable at law in the same manner as other debts." § 47–2003, D.C.Code.

This statute could quite reasonably be interpreted as creating two separate and distinct legal obligations, the first between the vendor and the District of Columbia, and the second between the vendor and vendee-purchaser. The vendee-purchaser, while legally obliged to pay the vendor, has no legal duty to pay the District of Columbia. It is only the vendor that has a legal duty to pay the District of Columbia. And this duty exists independent of any actual payment by the vendee, since the amount of tax to be paid is determined by the receipts from charges. Consequently, one can reasonably argue that Finalco's payment of the money which it received from the Debtor to the District of Columbia is in payment of its own debt, and not the Debtor's. This interpretation of the statute would mean that, absent the Debtor's bankruptcy, Finalco could seek to recover the money transferred to the District of Columbia by recovering against the Debtor in a legal action. And the existence of this argument, whether ultimately persuasive to this Court or not, is sufficient to make summary judgment for Finalco as against the District of Columbia inappropriate at this time, without hearing oral argument of counsel.

Pursuant to Rule 54(b), Fed.R.Civ.P., this Court finds that there is no just reason for delay in entering judgment in favor of the Trustee and against Finalco. Hence, that judgment will be entered forthwith.

NOW THEREFORE IT IS ORDERED that this Court will hold a hearing on Finalco's motion for summary judgment against the District of Columbia at _____.m. on _____, 1985; and it is further

ORDERED that this Court's Order of May 1, 1985, is amended by deleting therefrom the concluding phrase of the first sentence, which states, "to which no opposition has been filed."