**In re AIR VERMONT, INC., and North Atlantic Airlines, Inc.**

**Civ. A. No. 84–184.**

United States District Court,
D. Vermont.

Nov. 20, 1984.

Joseph C. Palmisano, Barre, Vt., for appellants Air Vermont, Inc., and North Atlantic Airlines, Inc.

Douglas J. Wolinsky, Saxer, Anderson & Wolinsky, Burlington, Vt., for appellant Gene R. Kazlow.

Daniel Cohn, Boston, Mass., for appellant Air Vermont Management Co.

Mark R. Butterfield, Candon & Butterfield, Rutland, Vt., for appellee Pioneer Commercial Funding Corp.

BILLINGS, District Judge.

This proceeding is before the Court on the appeal by debtor Air Vermont, Inc. from the order filed on May 2, 1984 in the Bankruptcy Court for the District of Vermont, (Marro, J.). The order of the Bankruptcy Judge granted the motion of Pioneer Commercial Funding Corporation for Relief from Stay. The Order provided that the debtor should pay to creditor, from escrow, a sum of money representing creditor's perfected security interest in the accounts receivable of debtor, fifteen percent interest on that money from January 12, 1984, and reimbursement for attorneys' fees and expenses. Debtor filed a timely Notice of Appeal of the Order on May 9, 1984. For the reasons recited below, the order of the Bankruptcy Court is AFFIRMED.

FACTS

This order incorporates by reference the BACKGROUND and FACTS sections appearing at pp. 2–9 of the Memorandum and Order of the Bankruptcy Court.

DISCUSSION

Debtor Air Vermont, Inc. raises three issues on appeal: that creditor's security interest was invalid because debtor signed the security agreement "Air Vermont" instead of "Air Vermont, Inc."; that the security interest was invalid because creditor improperly filed the financing statement; and that the security interest was invalid because the entire transaction was a preferential transfer. These three issues will be discussed below, *seriatim*.

*I. Invalid execution of the security agreement*

■ Appellant-debtor Air Vermont, Inc. argues that the appearance of the signature "Air Vermont" instead of "Air Vermont, Inc." renders the security agreement invalid. The controlling statute in this instance, 9A V.S.A. § 9–203(1)(b), states that a security interest is not enforceable against the debtor unless "the debtor has signed a security agreement." Appellant contends that the party signing the security agreement of January 6, 1984 "was a non-entity by the name of 'Air Vermont.'" Appellant Memorandum, p. 4.

The Uniform Laws Comments to 9A V.S.A. § 9–203 refer, under the heading "Definitional Cross References," to 9A V.S.A. § 1–201(39) for definition of the word "signed." In that section, the definition of "signed" is that which "includes any symbol executed or adopted by a party with present intention to authenticate a writing." The Uniform Laws Comment to this section further states:

"The inclusion of authentication in the definition of 'signed' is to make clear that as the terme is used in this Act a complete signature is not necessary ... The question always is whether the symbol was executed or adopted by the party with present intention to authenticate the writing.

With respect to the agreement before the Court, the president of Air Vermont, Inc., John E. Porter, executed the agreement and the secretary of the corporation attested the agreement with the impression of the corporate seal of the airline. The debtor's Board of Directors adopted corporate resolutions authorizing the debtor to borrow the money from Pioneer and to enter into an accounts financing security agreement with creditor. The corporate seal of the debtor also appeared on these resolutions.

These facts amply demonstrate to this Court that the signing of the security agreement by "Air Vermont" embodied a "present intention to authenticate the writing." 9A V.S.A. § 1–201(39).

The signing of the security agreement is valid.

## II. Invalid filing of the financing statement

■ Appellant next contends that Pioneer did not perfect its security interest because Pioneer failed to file a proper financing statement in the office of the Town Clerk of South Burlington, Vermont. The reason cited by appellant for invalidating the filing is the failure of Pioneer to attach Exhibit A to the financing statement left with the Town Clerk. Instead, Pioneer sent Exhibit A with, but not attached to, the financing statement. The Clerk inadvertently assumed that Exhibit A was merely a cover letter. The Clerk did not file Exhibit A, but instead placed it in a drawer.

9A V.S.A. § 9–403(1) states that "presentation for filing of a financing statement and tender of the filing fee or *acceptance of the statement by the filing officer* constitutes filing under this article." (emphasis added.) Here, there exists clear evidence that the filing officer accepted the statement. When counsel for creditor asked the assistant city clerk of South Burlington in charge of recording financing statements "Did you accept this U.C.C. filing on January 17th, 1984?" the clerk answered "Correct." Testimony of Diane Gadhew, p. 5 at 22–23. The court below found this testimony "most convincing." Memorandum and Order, p. 23. In fact, the testimony established conclusively that Pioneer properly filed the financing statement.

The filing of the financing statement is valid.

## III. Invalidity of the security interest as a preferential transfer

■ Appellant's final contention is that the secured loan transaction is invalid as a preferential transfer. Appellant claims that under 11 U.S.C. § 547(e)(2)(B), the transfer of the security interest did not take place until its perfection on January 17, 1984; that the inability of the creditor to relate back the time of the making of the transfer makes the transaction a voidable preference under 11 U.S.C. § 547(b); and

that the creditor cannot take advantage of any of the "safe harbor" provisions of 11 U.S.C. § 547(c) to prevent the trustee from avoiding the transfer.

This Court finds, by virtue of §§ 547(e)(2)(B), 547(b), that the transfer of the security interest by the debtor was made on January 17, 1984, and that this transfer was made on account of an antecedent debt. Pioneer urges that the security interest did not attach until the creditor gave value to the debtor on January 12, 1984, and that perfection of the security interest accordingly occurred within 10 days due to the filing of January 17, 1984. 9A V.S.A. § 9–204(1). This argument founders on the definitional cross reference of "value" which refers to 9A V.S.A. § 1–201(44). There, the statute states that "a person gives 'value' for rights if he acquires them ... in return for a binding commitment to extend credit." In this case, on January 6, 1984, there was an agreement between the parties that the security interest attach, value was given, and the debtor had rights in the collateral.

In spite of the characterization of the transfer as a preference, debtor may not avoid the transfer if the transfer qualifies under one of the "safe harbor" provisions of 11 U.S.C. § 547(c). Debtor argues that the transfer can only qualify, if at all, under § 547(c)(3), and that the transfer fails to satisfy the requirements there outlined. In support of this position, debtor relies upon three recent Circuit Court of Appeals decisions holding that the trustee could avoid security interests not perfected within 10 days. *See In re Vance*, 721 F.2d 259 (9th Cir.1983); *In re Arnett*, 731 F.2d 358 (6th Cir.1984); *In re Davis*, 734 F.2d 604 (11th Cir.1984). On the other hand, creditor Pioneer contends that § 547(c)(3) does not apply to the transaction, and that the transfer qualifies for protection from avoidance under § 547(c)(1).

With regard to debtor's contention, the court below noted that § 547(c)(3), on its face, applies strictly to purchase money security interests, or enabling loans. Two of the three cases relied upon by debtor

involved enabling loans. In the third case, *Arnett, supra,* 731 F.2d 358, the transaction was a consolidation loan. Although the *Arnett* court held that "expansion of section 547(c)(1)'s reference to contemporaneity beyond 10 days in the context of security interests is erroneous," 731 F.2d at 363, this Court agrees with the dissent in *Arnett* which stated that "§ 547(c)(1) . . . preserves the principles set out in *Dean v. Davis,* 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917), and *National City Bank v. Hotchkiss,* 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115 (1913)." *Arnett, supra,* 731 F.2d at 365 (Wellford, J., dissenting). The holding of the majority in *Arnett* ignored §§ 547(c)(3)(iii) and (iv). These two subsections limit the application of § 547(c)(3) to security interests "given to enable the debtor to acquire such property; and in fact used by the debtor to acquire such property." Since the *Arnett* majority expressed distaste at the prospect of an expansive reading of § 547(c)(1) rendering § 547(c)(3) superfluous, it is somewhat incongruous that the very same court embarked upon an unsupported enlargement of § 547(c)(3) that rendered § 547(c)(1) superfluous. This Court is satisfied that § 547(c)(3) applies only to enabling loans; that the transaction in the instant case is not an enabling loan; and that the proper question is whether § 547(c)(1) prevents the trustee from avoiding the preference.

■ The intent behind the enactment of § 547(c)(1) was to codify the result in the case of *Dean v. Davis, supra,* 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419. *See* Countryman, *Bankruptcy Preferences—Current Law and Proposed Changes,* 11 U.C.C.L.J. 95 (1978). In *Dean,* the Supreme Court held that there was no preference where both parties intended a loan to be a secured loan, even though the mortgage executed in connection with the loan in that case was not actually signed until 7 days after the loan itself was made. A preference did not exist because the mortgage secured "a substantially contemporaneous advance." *Dean, supra,* at 438, 37 S.Ct. at 130.

Likewise, in the case before this Court, Pioneer advanced $100,000.00 to the debtor on January 12, 1984, but the security interest, although executed on January 6, 1984, did not become effective as a transfer until January 17, 1984. The court below found, and this Court concurs upon review, that the parties at the outset intended the exchange to be contemporaneous. Accordingly, the transaction qualifies for protection from avoidance under § 547(c)(1).

The security interest is not invalid as a preferential transfer.

CONCLUSION

The order of the Bankruptcy Court for the District of Vermont filed on May 2, 1984 is AFFIRMED as to each of the issues raised on appeal.