**In re Steven Thomas HOLDER, Debtor.**

**WACHOVIA BANK AND TRUST COMPANY, Plaintiff/Appellant,**

v.

**Steven Thomas HOLDER, Defendant/Appellee.**

Civ. No. C–88–630–G.
Bankruptcy No. B–87–02294 C–13.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Dec. 14, 1988.

Thomas W. Waldrep, Jr., Winston–Salem, N.C., for Wachovia Bank & Trust Co.

Gregory Luck, Wilkesboro, N.C., for Steven Thomas Holder, debtor.

Kathryn L. Bringle, Winston–Salem, N.C., Rayford K. Adams, III, Greensboro, N.C., Standing Trustees.

MEMORANDUM ORDER

BULLOCK, District Judge.

This matter comes before the court on appeal from an order entered March 31, 1988, by Bankruptcy Judge Jerry G. Tart. In that order, the bankruptcy court avoided the lien of Wachovia Bank and Trust on the Debtor's 1987 Dodge truck, pursuant to 11 U.S.C. § 547, and reserved the right to issue a memorandum opinion in the event of an appeal. The bank filed notice of appeal on April 4, 1988, and the bankruptcy court issued a memorandum opinion on April 29, 1988.

The facts of this case are not in dispute. On July 24, 1987, the Debtor purchased the truck from Templeton Olds–Cadillac, Inc., by signing a note and purchase money security agreement and making a $1,300.00 down payment. The security agreement contained an assignment of rights under the security agreement to the bank as part of the bank's floorplan financing of Templeton's auto sales. On August 12, 1987, Templeton delivered the necessary application and registration papers, including the security agreement indicating the bank's security interest in the vehicle, to the local

office of the North Carolina Division of Motor Vehicles in North Wilkesboro, North Carolina. Pursuant to N.C.Gen.Stat. § 20–58.2, the security interest of Wachovia in the truck was perfected on the date of delivery of the application to the Division of Motor Vehicles, *i.e.,* nineteen (19) days after the Debtor received possession of the truck. The certificate of title was issued, noting the bank's lien on the truck, on August 28, 1987. The Debtor filed his Chapter 13 bankruptcy petition on November 2, 1987, eighty-two (82) days after the Debtor received possession of the vehicle.

The sole issue on appeal is whether Section 547(c)(1) of the Bankruptcy Code is applicable to protect purchase money security interests perfected more than ten (10) days after attachment.[1] Four circuit courts of appeal have answered this question in the negative, holding that Section 547(c)(3) specifically applies to purchase money security transactions and thereby precludes the application of Section 547(c)(1) to such transactions. *See In the Matter of Tressler,* 771 F.2d 791 (3d Cir. 1985); *In re Davis,* 734 F.2d 604 (11th Cir.1984); *In re Arnett,* 731 F.2d 358 (6th Cir.1984); *In the Matter of Vance,* 721 F.2d 259 (9th Cir.1983). In addition, the overwhelming majority of lower courts have held that Section 547(c)(1) cannot apply to purchase money security transactions. *See In re Murray,* 27 B.R. 445 (Bankr.M.D.Tenn.), *approved,* 33 B.R. 112 (M.D.Tenn.1983); *In re Enlow,* 20 B.R. 480 (Bankr.S.D.Ind.1982); *In re Christian,* 8 B.R. 816 (Bankr.M.D.Fla.1981).

The bank invites the court to declare that the above-referenced decisions are all erroneous. In support of its argument, the bank cites a district court case from Vermont, *In re Air Vermont, Inc.,* 45 B.R. 817 (D.Vt.1984), and two law review articles. *See* Duncan, *Section 547(c)(1) and Delayed Perfection of Security Interests in the Ninth Circuit: In re Vance, 721 F.2d 259 (9th Cir.1983),* 58 Am.Bankr.L.J. 269 (1984); Eisler, *Beyond the Grace Period: Security Interests as Preference Exceptions Under Section 547 of the Bankruptcy Code,* 1984 Ann.Surv.Bankr.L. 63 (1984). After fully examining the arguments set forth by the bank, the court declines its invitation.

Therefore, the decision of the bankruptcy court is AFFIRMED.

---

**1.** The relevant part of Section 547(c) reads as follows:

(c) The trustee may not avoid under this section a transfer

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms;

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives possession of such property; ....

11 U.S.C. § 547 (1979 & Supp.1988).