In re TELECASH INDUSTRIES, INC., Debtor,

TELECASH INDUSTRIES, INC., Plaintiff,

v.

UNIVERSAL ASSETS, Defendant.

Bankruptcy No. 89C–01634.

Adversary No. 89PC–0232.

United States Bankruptcy Court, D. Utah.

Aug. 11, 1989.

William Thomas Thurman, McKay, Burton & Thurman, Salt Lake City, Utah, for plaintiff.

David H. Schwobe, Perkins, Schwobe & McLachlan, Salt Lake City, Utah, for defendant.

## DECISION AND ORDER

GLEN E. CLARK, Chief Judge.

The matter presently before the court is plaintiff's Motion for Summary Judgment. A hearing was held on July 12, 1989. William Thomas Thurman appeared on behalf of the plaintiff, Telecash Industries, Inc., the debtor in the above-captioned Chapter 11 case. David H. Schwobe appeared on behalf of the defendant, Universal Assets, Inc. Counsel presented argument, after which the court took the matter under advisement. The court has carefully considered and reviewed the arguments of counsel and the memoranda submitted by the parties and has made an independent review of the pertinent authorities. Now being fully advised, the court renders the following decision.

## BACKGROUND

The following is a summary of the background in this adversary proceeding which is relevant to the issue presently before the court.

It appears that sometime on or before November 8, 1988, in a purported loan transaction, a promissory note dated October 13, 1988, was signed by Gary R. Littler as president of Freestyle Ventures, Inc., in favor of the defendant in the amount of

$300,000.00. Apparently, another promissory note dated November 3, 1988, was also signed in favor of the defendant.

Sometime during the month of November 1988, it appears that a merger occurred between Telecash Advance of Utah, Inc., and Freestyle Ventures, Inc. The merged entity became known as Telecash Industries, Inc., the plaintiff herein.

On December 5, 1988, more than ten days after the promissory notes were signed, a UCC–1 financing statement was filed with the Division of Corporations and Commercial Code for the state of Utah, purportedly perfecting defendant's alleged security interest in certain assets of the plaintiff, including equipment and accounts receivable. Defendant's alleged security interest purportedly arose from the above-mentioned loan transaction.

On March 17, 1989, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the plaintiff. This involuntary case was subsequently converted to a case under Chapter 11, and an order for relief was entered on March 29, 1989.

The defendant, through its officers and directors, is alleged to have been an insider of the plaintiff.

## ISSUE

The issue presented is whether or not perfection of a security interest not arising from an enabling loan constitutes a preferential transfer not excepted from avoidability when perfection occurs more than ten days after the underlying loan transaction.

## DISCUSSION

Under the preference avoiding section of the Bankruptcy Code, 11 U.S.C. § 547(b), the trustee may avoid as preferential any transfer of an interest of the debtor in property "for or on account of an antecedent debt owed by the debtor before such transfer was made," assuming of course that the other elements of a preferential transfer are present.[1]  11 U.S.C. § 547(c)

---

1. The full text of 11 U.S.C. § 547(b) provides:
   (b) Except as provided in subsection (c) of

this section, the trustee may avoid any trans-

lists certain exceptions to the trustee's avoiding power. One of the exceptions provides that the trustee may not avoid a transfer to the extent that such transfer was "intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor" and "in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1).

■ In this case the plaintiff asserts that defendant's perfection of its alleged security interest was a preferential transfer under 11 U.S.C. § 547(b) inasmuch as defendant filed its UCC–1 financing statement more than ten days after defendant was allegedly granted a security interest in the loan transaction. Delayed perfection, according to the plaintiff, is a transfer for or on account of an antecedent debt. Plaintiff is correct in this regard. 11 U.S.C. § 547(e)(2) provides in part that a transfer is made "(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; [or] (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days." It is clear from section 547(e)(2) that if perfection of a security interest occurs within ten days of the incurrence of indebtedness, perfection relates back to the time of the indebtedness. If, however, perfection occurs after ten days, the transfer is made at the time of perfection. There is no relation back. Thus, the delayed perfection becomes a transfer for or on account of an antecedent debt.

fer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—

■ Plaintiff next contends that because defendant perfected its alleged security interest more than ten days after the loan transaction, none of the section 547(c) exceptions to avoiding preferential transfers applies. Specifically, plaintiff contends that because defendant's filing of the UCC–1 financing statement was delayed more than ten days, plaintiff's incurrence of the debt and defendant's perfection of its alleged security interest were not in fact a substantially contemporaneous exchange as a matter of law. The court does not believe that the contemporaneous exchange issue can be decided in this case as a matter of law. There are genuine issues of material fact concerning the parties' intent and whether or not the delayed perfection, although beyond ten days, was substantially contemporaneous with the loan transaction. Plaintiff is placing a ten-day limitation on the contemporaneous exchange exception that is simply not there.[2] Obviously, Congress could have expressly provided that perfection of a security interest not arising from an enabling loan which is delayed more than ten days after the incurrence of debt is not excepted from avoidability as a preferential transfer. Congress, however, did not do so. The court notes that Congress did enact a ten-day limitation for perfecting security interests in 11 U.S.C. § 547(c)(3). Section 547(c)(3), however, pertains to enabling loans and is not applicable to this case. It is true that the law generally favors purchase money security interests or security interests arising from enabling loans. A ten-day limitation on these types of security interests when

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Plaintiff makes reference to Utah Code Ann. § 70A–9–312(4), which gives priority to a creditor with a purchase money security interest who perfects within ten days of the debtor's receiving possession of the collateral. This case does not deal with a purchase money security interest, and section 70A–9–312(4) is simply inapposite.

there is no specified time limitation placed on non-purchase money security interests may, at first blush, seem at odds with established law. However, the court notes that section 547(c)(3) provides a safe harbor from avoidability if the creditor extending the enabling loan perfects its security interest in the property "on or before 10 days after the debtor *receives possession* of [the] property." 11 U.S.C. § 547(c)(3) (emphasis added). Thus, perfection could occur substantially more than ten days after the underlying loan transaction, which may or may not be considered a substantially contemporaneous exchange, but still come within the safe harbor provision of section 547(c)(3) inasmuch as the ten-day limitation does not begin to run until the debtor acquires the property for which the enabling loan was made.

The parties have cited to *Ray v. Security Mutual Finance Corp. (In re Arnett)*, 731 F.2d 358 (6th Cir.1984), wherein the court of appeals reversed the bankruptcy and district courts, determining that the contemporaneous exchange exception to the preference avoiding power is inapplicable when perfection occurs more than ten days after creation of the security interest. The lower courts had "ruled that 'contemporaneity' is a question of fact to be evaluated in light of the parties' intent, the reasons for delay, and the risks of fraud and misrepresentation." *Id.* at 360. According to the lower courts, section 547(c)(1) "requires examination of all circumstances surrounding the transaction giving rise to the transfer. Thus, where delayed perfection of a security interest may be satisfactorily explained, and in the absence of dilatoriness or negligence on the part of a transferee, the transfer may still be found 'substantially contemporaneous' with the exchange of new value to the debtor...." *Id.* The court of appeals disagreed, indicating that a broad reading of section 547(c)(1) effectively negates section 547(e)(2).[3]

This court declines to follow the reasoning of the court of appeals in *Arnett* and does not believe that section 547(e)(2), which prescribes when a transfer occurs for purposes of the preference section, requires *sub silentio* a ten-day limitation in the contemporaneous exchange exception. Although perfection of a security interest may not relate back under section 547(e)(2) to the underlying loan transaction, that perfection may still be considered "substantially contemporaneous" under section 547(c)(1). Indeed, with regard to a security interest not arising from an enabling loan, nothing in section 547 precludes otherwise. *Accord In re Air Vermont Inc.*, 45 B.R. 817 (D.Vt.1984); *see also Grogan v. Chesebrough–Ponds, Inc. (In re Advance Glove Mfg. Co.)*, 25 B.R. 521, 526 n. 5 (Bankr.E.D.Mich.1982); *T.I. Swartz Clothiers, Inc. v. Union Trust Co. (In re T.I. Swartz Clothiers, Inc.)*, 15 B.R. 590 (Bankr.E.D.Va.1981); *In re Hall*, 14 B.R. 186 (Bankr.S.D.Fla.1981).

Based on the foregoing discussion, the court believes that there are genuine issues of material fact with regard to whether or not the defendant's delayed filing of the UCC–1 financing statement is a preferential transfer not excepted from avoidability. Summary judgment is therefore inappropriate.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment is denied.

---

3. The court notes that a dissenting opinion was filed in *Arnett*. The dissent, citing several authorities, opined that the bankruptcy court's determination "was in accord with legislative purpose and with sound authority." *Arnett*, 731 F.2d at 365 (Wellford, J. dissenting).