892 F.2d 29
 21 Collier Bankr.Cas.2d 1457, Bankr. L. Rep. P 73,105
In re Steven Thomas HOLDER, Debtor.
WACHOVIA BANK AND TRUST COMPANY, N.A., Plaintiff-Appellant,
v.
Kathryn L. BRINGLE, Standing Trustee, Defendant-Appellee,
and
Steven Thomas Holder, Rayford K. Adams, Standing Trustee, Defendants.
 No. 88-2993.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 2, 1989.
Decided Dec. 15, 1989.
 
 Thomas William Waldrep, Jr. (Womble Carlyle Sandridge & Rice, Winston Salem, N.C., on brief) for plaintiff-appellant.
 Rayford Kennedy Adams, III (Tuggle, Duggins Meschan & Elrod, P.A., Greensboro, N.C., on brief) for defendant-appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and PHILLIPS, Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The question presented is whether § 547(c)(1) of the federal bankruptcy code, 11 U.S.C. § 547(c)(1), is applicable to protect purchase money security interests perfected more than 10 days after the debtor receives possession of the collateral. We find § 547(c)(1) inapplicable and, accordingly, affirm the judgment of the district court.
 
 I.
 
 2
 The relevant facts are not in dispute. On July 24, 1987, Stephen Holder ("debtor") purchased a Dodge truck. On that day, he signed a security agreement with appellant Wachovia Bank & Trust Company in exchange for a loan to buy the truck. The necessary registration and other paperwork were delivered to the North Carolina Division of Motor Vehicles 19 days later, on August 12, 1987. According to N.C.Gen.Stat. § 20-58.2,[1] August 12, 1987, is the date on which appellant perfected its security interest.
 
 
 3
 On November 2, 1987, 82 days after the debtor received possession of the vehicle, the debtor filed for relief under Chapter 13 of the federal bankruptcy code. Respondent, the Chapter 13 trustee, filed a motion in bankruptcy court to avoid appellant's lien. The bankruptcy court granted this motion, and the district court affirmed. 94 B.R. 394. See Joint Appendix at 23, 53.
 
 II.
 
 4
 Both parties agree that the secured transaction at issue here constitutes a preference under 11 U.S.C. § 547(b) and, hence, is avoidable by the trustee unless it is excepted from § 547(b) by the provisions of 11 U.S.C. § 547(c). See Brief of Appellee at 3. Section 547(c) states, in pertinent part:
 
 
 5
 (c) The trustee may not avoid under this section a transfer--
 
 
 6
 (1) to the extent that such transfer was--
 
 
 7
 (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given the debtor; and
 
 
 8
 (B) in fact a substantially contemporaneous exchange;
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 (3) that creates a security interest in property acquired by the debtor--
 
 
 12
 (A) to the extent such security interest secures new value that was--
 
 
 13
 (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
 
 
 14
 (ii) given by or on behalf of the security party under such agreement;
 
 
 15
 (iii) given to enable the debtor to acquire such property; and
 
 
 16
 (iv) in fact used by the debtor to acquire such property; and
 
 
 17
 (B) that is perfected on or before 10 days after the debtor receives possession of such property....
 
 
 18
 If appellant's security interest had been perfected within 10 days after the debtor took possession of the truck, 11 U.S.C. § 547(c)(3) would have prevented the trustee from avoiding the lien. Because perfection took 19 days, however, appellant seeks exception from avoidance pursuant to the "contemporaneous exchange" exception of § 547(c)(1). It argues that the plain meaning and legislative history of § 547(c)(1) allow the "contemporaneous exchange" exception to be applied to purchase money security transactions.
 
 
 19
 Four courts of appeals have addressed this question, and all have held that § 547(c)(1) does not apply to purchase money security transactions perfected more than 10 days after the debtor receives possession of the collateral.[2] See In re: Tressler, 771 F.2d 791 (3d Cir.1985); In re: Davis, 734 F.2d 604 (11th Cir.1984); In re: Arnett, 731 F.2d 358 (6th Cir.1984); In re: Vance, 721 F.2d 259 (9th Cir.1983). There is a strong interest in uniform interpretations of federal bankruptcy laws. See U.S. Const. art. I, § 8, cl. 4 (granting Congress the power to establish "uniform Laws on the subject of Bankruptcies throughout the United States"); LeBoeuf v. Austrian, 240 F.2d 546, 551 (4th Cir.), cert. denied, 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914 (1957) ("The Bankruptcy Act is intended to be uniform throughout the States except to the extent that its own provisions are to the contrary, as, for instance, where local State property rights are involved."). For the reasons stated in the opinions of the Third, Sixth, Eleventh, and Ninth Circuits, and to maintain a uniform federal interpretation of § 547(c), we hold that § 547(c)(1) does not apply to purchase money security transactions perfected more than 10 days after the debtor receives possession of the collateral. The judgment of the district court is therefore AFFIRMED.
 
 
 
 [1]
 Section 20-58.2 of the General Statutes of North Carolina states:
 If the application for notation of security interest with the required fee is delivered to the Division within 10 days after the date of the security agreement, the security interest is perfected as of that date. Otherwise, the security interest is perfected as of the date of delivery of the application to the Division.
 
 
 [2]
 The four courts held that § 547(c)(1) does not apply to purchase money security transactions perfected more than 10 days "after such security interest attaches." All four cases were decided before Congress amended § 547(c)(3)(B) in 1986, changing "that is perfected before 10 days after such security interest attaches" to "that is perfected on or before 10 days after the debtor receives possession of such property." This amendment has no relevance to the validity of the reasoning or holdings of any of these cases