**In re Olen CARSON, Jr. and Loretta J. Carson, Debtors.**

**William E. RUTLEDGE, Trustee, Plaintiff,**

v.

**FIRST NATIONAL BANK OF SALLISAW, OKLAHOMA, Defendant.**

Bankruptcy No. 89–71138.
Adv. No. 90–7056.

United States Bankruptcy Court, E.D. Oklahoma.

Sept. 24, 1990.

William E. Rutledge, Tulsa, Okl., for plaintiff.

Robert Inglish, Okmulgee, Okl., for defendant.

## ORDER

JAMES E. RYAN, Chief Judge.

On this 24th day of September, 1990, Defendant's Motion for Summary Judgment (Docket Entry No. 4) with Brief in Support (Docket Entry No. 5) as well as the Response of Plaintiff to Motion of Defendant for Summary Judgment and Brief in Support (Docket Entry No. 7) came before this Court for consideration.

After review of these pleadings, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

The facts and circumstances presented in this adversary proceeding give rise to the following issues:

(1) whether the perfection requirement to except a transfer from the Trustee's avoidance power of 11 U.S.C. § 547(c)(3) is applicable to the instant case;

(2) whether the perfection of Defendant's security interest pursuant to Oklahoma state law is an exception to the Plaintiff's ability to avoid a preferential

transfer pursuant to 11 U.S.C. § 547; and

(3) whether the transfer between Debtors and Defendant represents a substantially contemporaneous exchange for new value.

## FINDINGS OF FACT

1. On August 4, 1989, the Defendant made a loan to the Debtors in exchange for a non-purchase money security interest in a 1988 Izusu pickup truck owned by the Debtor, Olen Carson. This agreement was evidenced by a completed and executed Promissory Note and Security Agreement, combined in a single document.

2. On August 18, 1989, the Defendant delivered to agents of the Oklahoma Tax Commission an Oklahoma Lien Entry Form dated August 16, 1989, reflecting the Defendant's security interest in the subject truck.

3. On September 20, 1989, the Debtors filed a Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

4. The Plaintiff instituted this action to avoid an allegedly preferential transfer of the security interest in the truck.

5. Defendant contends in the Motion for Summary Judgment that the ten (10) day perfection exception to avoidance of a preferential transfer found at § 547(c)(3)(B) is inapplicable to this case, but rather, the fifteen (15) day perfection requirement of the Oklahoma Statutes represents an exception to the Trustee's ability to avoid the transfer.

Plaintiff asserts that complying with the perfection requirements under Oklahoma state law does not constitute a "substantially contemporaneous exchange" and thus is not an exception to the Trustee's attempt to avoid the transfer of the security interest.

## CONCLUSIONS OF LAW

A. The issues in this matter are largely legal in nature. However, all facts necessary for this Court's determination are indisputable and thus, we find that there is no genuine issue as to the material facts involved. As a result, we may examine the respective legal positions of the parties set forth in their briefs. B.R. 7056. This Court has conducted extensive independent research and incorporated same herein due to the dearth of case law presented by the parties.

B. The initial question that the Defendant seeks to have this Court resolve concerns the applicability of 11 U.S.C. § 547(c)(3) to the facts and circumstances in the instant case. It is well recognized that this particular exception to the Trustee's ability to avoid a preferential transfer applies only in transactions involving the granting of a purchase money security interest, or so-called "enabling loans." With such purchase money loans, the Trustee cannot avoid the granting of the security interest where perfection is accomplished within ten (10) days after the security interest attaches.

In the instant case, this exception is inapplicable since the security interest at issue is of a non-purchase money character. Thus, this exception to the Trustee's avoidance power under § 547 is not available to the Defendant.

C. The Trustee's attempt to avoid a non-purchase money security interest is subject to the exception found at 11 U.S.C. § 547(c)(1), which states:

*The Trustee may not avoid under this section a transfer —*

*(1) to the extent that such transfer was*

*(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and*

*(B) in fact a substantially contemporaneous exchange;*

The Defendant urges this Court to adopt the Oklahoma statutory time for perfection of motor vehicle liens as an objective standard for determining contemporaneity. The Oklahoma statutes provide at Okla.Stat.Ann. tit. 47, § 1110 (West Supp. 1990) that if the secured party delivers a

Lien Entry Form, fee and Certificate of Title to the Oklahoma Tax Commission or a Motor License Agent within fifteen (15) days after the date of the Lien Entry Form, perfection of the secured party's security interest is deemed to have occurred on the date of execution of the Lien Entry Form. We do not see the merit or applicability of adopting this time period for determining whether a particular transaction represents a contemporaneous exchange. The adoption by Congress of the ten (10) day rule for perfection of "enabling loans" under § 547(c)(3) was an obvious attempt to create uniformity among the state laws governing perfection pursuant to the Uniform Commercial Code. See 4 Collier on Bankruptcy ¶ 546.11, n. 2, at 547–53 (15th ed. 1990). If this same degree of uniformity was intended for establishing a security interest in non-purchase money transactions, we must presume that Congress would have clearly set forth an objective standard. Other sections of the Code make express reference to state law grace periods and thus we must consider that the failure of Congress to do so in the exceptions to the Trustee's ability to avoid preferential transfers was cognizant. *In re Ken Gardner Ford Sales, Inc.,* 10 B.R. 632, 643 (Bankr.E.D.Tenn.1981).

Some Courts have attempted to "boot strap" the provisions of § 547(e)(2) into the determination of a "contemporaneous exchange." This section is utilized to determine when a particular transfer occurred, depending on the time for perfection. If such transfer is perfected at or within ten (10) days of the transfer, the transfer is deemed to have occurred at the time of the transaction. However, if perfection occurs *after* ten (10) days of the transfer, the transfer is deemed to have occurred at the time of perfection. § 547(e)(2)(A) and (B).

We respectfully decline to follow the Courts which found some correlation between this ten (10) day rule and the contemporaneous exchange standard. See *In re Arnett,* 731 F.2d 358 (6th Cir.1984). The reasoning of this case stretches the relationship between § 547(c)(1) and § 547(e)(2) beyond recognizable bounds. The purpose for § 547(e)(2) is multifaceted. First, it

was established to resolve any questions as to whether a particular transaction fell within the ninety (90) day period pre-petition, so that the Trustee may attack the transfer as being preferential. Second, this section was necessary to eliminate questions of whether a particular debt was antecedent; that is, whether the debt was incurred prior to the granting of a security interest. And, finally, this section was adopted to aid the Court in determining the point in time in which the required element of insolvency of the debtor is relevant. Under no circumstances can we find applicability to the contemporaneous exchange issue.

As a result, we find that the question of whether an exchange is contemporaneous is a question of fact to be determined from the intent of the parties and the facts and circumstances of each case. See *In re Telecash Industries, Inc.,* 104 B.R. 401 (Bankr.D.Utah 1989).

D. The required element of "intent" or a determination of whether a transaction is substantially contemporaneous is a recognized codification of the rule established in the case of *National City Bank of New York v. Hotchkiss,* 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115 (1913). In that case, the Bank made an unsecured loan to a borrower in the morning. Later that same day, Bank learned that the borrower was experiencing financial difficulties, whereupon it sought and received security on the loan. Although the period of time between the granting of the loan and the transferring of the security interest was short, the transaction was deemed to be preferential.

Further, the "substantially contemporaneous" standard was codified to preserve the rule of *Dean v. Davis,* 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419 (1917), wherein the Court found that exchange of the proceeds of the loan and the security interest was intended by the parties to be substantially contemporaneous.

The Bankruptcy Code fails to provide a definition for what may be contemporaneous. The dictionary defines "contemporaneous" as something "arising, existing, or

occurring during the same period of time." Webster's Ninth New Collegiate Dictionary 283 (1985). Many Courts have struggled with the issue of "how long is too long" between the granting of the loan and the creation of the security interest. See the discussion contained in *In re Damon*, 34 B.R. 626 (Bankr.D.Kansas 1983).

In the case at bar, however, we are able to ascertain the intent of the parties from the documentary evidence provided to this Court. The security agreement/promissory note executed by the Defendant on August 4, 1989 clearly demonstrates that the parties intended the exchange to be contemporaneous. The creation of the obligation and the security interest are in fact on the same document. Thus, by executing the agreement, the Debtors and Defendant simultaneously created a security interest in the subject truck while agreeing to terms on the loaning of money. Whether the money was received on the same day as the execution of the agreement is irrelevant, since even if the money were received after execution, the security interest would have been established prior to receipt of the money, and thus the exchange would have been contemporaneous.

Under the facts and circumstances of this case, the matter of perfection is irrelevant since § 547(c)(1) clearly requires this Court to make inquiry as to the intent inter se between the debtor and creditor. As a result, any perfection against interests of third parties does not enter into this Court's inquiry. Therefore, we find that the transfer of the security interest was substantially contemporaneous with the granting of the loan.

E. For the exception of § 547(c)(1) to apply, this Court must also find that the exchange was for "new value" given to the debtor. The Code defines "new value" as "money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor avoidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation." 11 U.S.C. § 547(a)(2). The transaction between the Debtors and Defendant was clearly for "new value" under this definition, as the Debtors received new money for the transferring of the security interest.

F. As a result of the findings and conclusions of this Court, we deem that the transaction between the Debtors and Defendant is not a transfer which may be avoided by the Trustee due to the existence of the circumstances proving the exception of § 547(c)(1) and this Court need not determine whether all elements for a preferential transfer found at § 547(b) are present. The Plaintiff could not maintain this action in any event.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby granted. As a result, this adversary proceeding is hereby dismissed.

IT IS FURTHER ORDERED that the Pre–Trial Conference currently scheduled for October 26, 1990 at 11:30 a.m. is hereby stricken.